UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ABDUL HOWARD,

    Plaintiff,

v.

BONNIE POLLEY, et al.

    Defendants.

Case No. 2:15-cv-01458-APG-VCF

ORDER

**I.  DISCUSSION**

On February 16, 2016, the Court issued a screening order dismissing Plaintiff's Eighth Amendment claim challenging the conditions of his confinement and his Fourteenth Amendment Equal Protection Clause claim concerning religious food deprivation with prejudice, dismissing defendants Brown, Temple, Clark County commander and chief, and sheriff Lombardo without prejudice, and permitting Plaintiff's First Amendment free exercise claim concerning religious services to proceed against Bonnie Polley, Plaintiff's Fourteenth Amendment Equal Protection Clause claim concerning religious services to proceed against Bonnie Polley, Plaintiff's First Amendment free exercise claim concerning religious food deprivation to proceed against kitchen officer Peggy Martinez, and Plaintiff's Eighth Amendment claim concerning inadequate nutrition to proceed against Peggy Martinez. (Dkt. # 7 at 10-11).

The Court granted Plaintiff 30 days from the date of that order to file an amended

complaint curing the deficiencies of his equal-protection claim. (*Id.* at 11). The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on Plaintiff's First Amendment free exercise claim concerning religious services against religious coordinator Bonnie Polley; Plaintiff's Fourteenth Amendment Equal Protection Clause claim against religious coordinator Bonnie Polley; Plaintiff's First Amendment free exercise claim against kitchen officer Peggy Martinez; and Plaintiff's Eighth Amendment inadequate food claim against kitchen officer Peggy Martinez. (*Id.* at 11-12). The thirty-day period has now expired, and Plaintiff has not filed an amended complaint.

Pursuant to the screening order, this action shall proceed on Plaintiff's First Amendment free exercise claim concerning religious services against religious coordinator Bonnie Polley; Plaintiff's Fourteenth Amendment Equal Protection Clause claim against religious coordinator Bonnie Polley; Plaintiff's First Amendment free exercise claim against kitchen officer Peggy Martinez; and Plaintiff's Eighth Amendment inadequate food claim against kitchen officer Peggy Martinez.

**II.   CONCLUSION**

For the foregoing reasons, it is ordered that, pursuant to the Court's screening order, this action shall proceed on Plaintiff's First Amendment free exercise claim concerning religious services against religious coordinator Bonnie Polley;[1] Plaintiff's Fourteenth Amendment Equal Protection Clause claim against religious coordinator Bonnie Polley;[2] Plaintiff's First Amendment free exercise claim against kitchen officer Peggy Martinez; and Plaintiff's Eighth Amendment inadequate food claim against kitchen

---

[1] In the screening order, the Court permitted Plaintiff's First Amendment free exercise claim to proceed against defendant John Doe programs administrator. (Dkt. # 7 at 10). The Court, however, notified Plaintiff that the use of "Doe" pleading is not favored and that Plaintiff would be given an opportunity through discovery to identify the unknown defendant. (*Id.*). As such, this claim shall proceed against the John Doe programs administrator when Plaintiff learns his identity.

[2] As with Plaintiff's First Amendment free exercise claim, Plaintiff's Fourteenth Amendment Equal Protection Clause claim shall proceed against the defendant John Doe programs administrator when Plaintiff learns his identity.

officer Peggy Martinez

It is further ordered that the Clerk of Court SHALL ISSUE summonses for defendants religious coordinator Bonnie Polley and kitchen officer Peggy Martinez, AND DELIVER THE SAME, along with the complaint (Dkt. # 8), to the U.S. Marshal for service. The Clerk also SHALL SEND to Plaintiff two (2) USM-285 forms, one copy of the complaint and a copy of this order. Plaintiff shall have thirty (30) days within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form. Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

It is further ordered that henceforth, Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED THIS  24th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE