# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ABDUL HOWARD,<br><br>            Plaintiff,<br><br>vs.<br><br>BONNIE POLLEY; JOHN DOE, Badge #M4707A; and PEGGY MARTINEZ,<br><br>            Defendants. | 2:15-cv-01458-APG-VCF<br><br>**ORDER**<br><br>MOTION TO REQUEST FOR COPY OF CIVIL COMPLAINT (ECF NO. 14)<br>MOTION RE: CERTIFICATE OF INTERESTED PARTIES (ECF NO. 15) |

      This matter involves Plaintiff Abdul Howard's prisoner civil rights action against Bonnie Polley, Officer John Doe, and Peggy Martinez. (ECF No. 8). Before the court are Howard's Motion to Request for Copy of Civil Complaint, (ECF No. 14), and Motion Re: Certificate of Interested Parties, (ECF No. 15). For the reasons stated below, Howard's motion to request a copy of the complaint is granted. Howard's motion regarding the certificate of interested parties is granted in part and denied in part.

## I.    BACKGROUND

      On July 30, 2015, Howard filed an application to proceed *in forma pauperis*. (ECF No. 1). On February 16, 2016, Judge Gordon approved his application and ordered the clerk to file Howard's complaint. (ECF No. 7). On May 24, 2016, Howard filed a motion for default judgment, (ECF No. 13), which was denied as premature. (ECF No. 16). On July 6, 2016, Howard again filed a motion for default judgment. (ECF No. 17). This motion is pending before the District Judge.

## II.    LEGAL STANDARD

      The statutory right to proceed *in forma pauperis* does not include the right to obtain copies of court orders. 28 U.S.C. § 1915; *Spisak v. State of Nevada,* 2007 WL 1612293, \*3 (D.Nev.2007).

However, an *in forma pauperis* plaintiff may receive a free copy of documents from the court by demonstrating a specific showing of need for the copies requested. *Spisak,* 2007 WL 1612293, *3. If a pro se plaintiff wishes to receive a file-stamped copy of the complaint or any other filing, he or she must submit an additional copy and if by mail, must include a self-addressed, postage paid envelope except if proceeding *in forma pauperis*. Local Rule 10-1.

Under Local Rule 7.1-1, pro se parties must file a certificate of interested parties listing "all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case." If no interested parties exist other than those in the complaint, a statement stating such will satisfy this rule. LR 7.1-1(b). The statement must include the following certification.

> The undersigned, pro se party or attorney of record for _____, certifies that the following may have a direct, pecuniary interest in the outcome of this case: (here list the names of all such parties and identify their connection and interests.) These representations are made to enable judges of the court to evaluate possible disqualifications or recusal.
>
> Signature, Pro Se Party or Attorney of Record for _____.

LR 7.1-1(a). A party must promptly file a supplemental certification if any information changes. LR7.1-1(c).

### III.   DISCUSSION

Howard's request for a copy of his complaint is granted. He states that he sent his only copy of the complaint to the U.S. Marshal's office to serve the Defendants. The court is not responsible for providing copies of court filings to litigants. 28 U.S.C. § 1915. Howard has shown a need for the copy as he has no other. *Spisak,* 2007 WL 1612293, *3. In the future, Howard must retain a copy of all documents submitted to the court and to follow the procedure for preserving copies of documents filed

in his case under LR 10-1.  The court will not look favorably on future requests for free copies of filed documents.

Howard's motion regarding the certificate of interested parties (ECF No. 15) is granted in part and denied in part.  As a pro se litigant, Howard must file a certificate of interested parties.  LR 7.1-1.  Howard requests a 90 day extension to be able to file a certificate.  The court will grant only an extension of 30 days from today.  The certificate of interested parties is due by August 22, 2016.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Howards's Motion to Request for Copy of Civil Complaint (ECF No. 14) is granted.  The Clerk of the Court is directed to mail a copy of the Complaint (ECF No. 8) to the address on file for Howard.

IT IS FURTHER ORDERED that Howard's Motion Regarding the Certificate of Interested Parties (ECF No. 15) is granted in part and denied in part.  Howard must file a Certificate of Interested Parties on or before August 22, 2016.

IT IS SO ORDERED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

DATED this 22nd day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE