UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ABDUL HOWARD, | Case No. 2:15-cv-01458-APG-VCF |
|---|---|
| Plaintiff, | |
| v. | **ORDER (1) GRANTING MOTION TO SET ASIDE DEFAULT, (2) GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT, AND (3) REFERRING TO THE PRO BONO PROGRAM** |
| BONNIE POLLEY, *et al.*, | |
| Defendants. | |
| | (ECF Nos. 23, 24) |

Plaintiff Abdul Howard is a pretrial detainee at the Clark County Detention Center. Following screening of his complaint, Howard has four remaining claims: (1) a First Amendment free exercise claim against religious coordinator Bonnie Polley based on alleged denial of access to religious services; (2) a Fourteenth Amendment equal protection claim against Polley based on alleged disparate treatment for Muslim inmates to get access to religious services; (3) a First Amendment free exercise claim against kitchen supervisor Peggy Martinez based on allegations that she refused to provide sufficient food to sustain him while he fasted during Ramadan; and (4) an Eighth Amendment cruel and unusual punishment claim against Martinez for failing to provide sufficient food to satisfy nutritional requirements while Howard was fasting.[1] ECF No. 7 at 5-7, 9-11.

Defendants Martinez and Polley were served on April 26, 2016. ECF Nos. 11, 12. Neither defendant answered or otherwise responded to the complaint, so Howard moved for entry of clerk's default. ECF No. 21. The clerk of court entered default against Martinez and Polly on August 15, 2016. ECF No. 22.

---

[1] Howard also may proceed on the first two claims against John Doe programs administrator, but Howard must ascertain John Doe's identity and move to add him as a named defendant. ECF No. 7 at 10 n.3.

Polley moves to set aside the default.  Howard moves for default judgment.  I grant Polley's motion to set aside the clerk's entry of default.  I deny Howard's motion for default judgment as to Polley because the default has been set aside as to her.  I grant the motion for default judgment against Martinez as to liability, but I will hold a prove up hearing regarding damages and injunctive relief.  Finally, I refer this matter to the Pilot Pro Bono Program.

**I. MOTION TO SET ASIDE THE DEFAUL**T

Polley moves to set aside the clerk's entry of default, arguing that she was "not aware of her responsibilities upon being served." ECF No. 24 at 2.  Polley contends she has meritorious defenses to Howard's claims, including that he failed to exhaust his administrative remedies and that his disciplinary record supported the restrictions on his access to religious services.  Polley contends Howard will not be prejudiced because she moved to set aside the default only two weeks after the default was entered.

Howard responds that Polley has been sued before and knows she must respond to complaints.  Howard contends he would be prejudiced by setting aside the default because his rights are still being violated.  He also contends he has exhausted his administrative remedies and further attempts at exhaustion would be futile.

The clerk of court must enter default against a party who has "failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a).  "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).  When determining whether good cause exists, the court considers (1) "whether the defendant's culpable conduct led to the default," (2) "whether the defendant has a meritorious defense," and (3) "whether reopening the default judgment would prejudice the plaintiff." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001).  With regard to the first factor, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id.* at 697 (emphasis and quotation omitted).  However, if the defendant offers a good faith explanation for her neglectful failure to answer, and that explanation negates any intent to take advantage of the

1 plaintiff, interfere with judicial decision-making, or otherwise manipulate the legal process, such failure is not "intentional." *Id.* at 697-98.

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, the defendant seeking to vacate a default must present specific facts that would constitute a defense. *Id.* at 700.  There must be some possibility that the suit would have a different outcome at trial than the result achieved by default. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Finally, with respect to prejudice, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  To be considered prejudicial to the plaintiff, setting aside a default must do more than simply delay resolution of the case. *TCI*, 244 F.3d at 701.  Rather, the delay must result in some tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quotation omitted).  Similarly, requiring a plaintiff to adjudicate a claim on the merits does not constitute prejudice. *Id.*

As to the first factor, although Polley's explanation of her failure to respond is weak, there is no basis to conclude that Polley intended to take advantage of the plaintiff, interfere with judicial decision-making, or otherwise manipulate the legal process, or that her failure to respond was the result of bad faith.  She moved to set aside the default within two weeks of the clerk's entry of default, thus suggesting that her failure to respond was the result of neglect or misunderstanding rather than a willful decision not to respond.

As to the second factor, Polley offers possible meritorious defenses, including that Howard did not fully exhaust his administrative remedies or that there were reasonable restrictions on Howard's free exercise rights based on legitimate penological interests due to Howard's disciplinary record.

Finally, Howard will not be prejudiced by setting aside the default.  A two-week delay alone does not constitute prejudice.  Howard has not identified any loss of evidence, difficulty with discovery, or other basis for finding prejudice.  Requiring him to adjudicate his claims

against Polley on the merits is not prejudice. I therefore grant Polley's motion to set aside the clerk's entry of default as to her.

## II. MOTION FOR DEFAULT JUDGMENT

Howard moves for default judgment on his remaining claims. He requests $15,000 for the religious free exercise and equal protection violations related to having to sign up and wait for access to religious services. However, because I set aside the default as to Polley, and because John Doe programs administrator has not been identified and served, I deny this portion of Howard's motion.

As to the religious free exercise and Eighth Amendment claims against Martinez, Howard requests $1,000 per day for the 21 days he was denied sufficient food in the evening when he was fasting during Ramadan. He also requests another $30,000 to compensate for the fact that he was subjected to an unconstitutional policy. Finally, he requests injunctive relief in the form of a feeding schedule to support Muslim inmates' fasting during Ramadan and to require a feast marking the end of Ramadan.

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v.*

1  *Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default
2  judgment lies within the district court's discretion. *Id.*
3        I consider the following factors in determining whether to grant a default judgment: (1)
4  the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3)
5  the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of
6  a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7)
7  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the
8  merits. *Id.* at 1471-72.
9        Howard has satisfied the procedural requirements for default judgment against Martinez.
10 Pursuant to Rule 55(a), the clerk properly entered a default against Martinez. ECF Nos. 11, 12,
11 21, 22. Because Martinez has neither answered nor otherwise responded to the complaint, the
12 notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to
13 entering a default judgment.
14       Turning to the *Eitel* factors, the first factor considers whether Howard will suffer
15 prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp.
16 2d 1172, 1177 (CD. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-
17 00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). In this case, the clerk
18 entered default against Martinez for her failure to file a responsive pleading or answer the
19 complaint and defend the lawsuit. As a result, Howard will suffer prejudice if default judgment is
20 not entered because he will have no other means to litigate his claims against her. Thus, this
21 factor weighs in favor of an entry of default judgment.
22       The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a
23 claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir.
24 1978); *see also* Fed. R. Civ. P. 8. Howard's complaint has survived screening on two claims
25 against Martinez. He thus has sufficiently alleged claims against her. The second and third *Eitel*
26 factors weigh in favor of an entry of default judgment.
27
28

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo.*, Inc., 238 F. Supp. 2d at 1176. Howard requests $1,000 per day for each of the 21 days he was denied a proper diet. He also requests $30,000 for being subjected to an unconstitutional policy.[2] The amount involved thus is not large and does not, on its face, appear to be unreasonable or grossly disproportionate in light of Howard's allegations that Martinez violated both his First and Eighth Amendment rights. However, as set forth below, Howard must prove up his damages at a hearing, during which this fourth *Eitel* factor can be examined further.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). There is a possibility of disputed facts. The exhibits attached to the complaint suggest that Martinez at times disputed whether Howard was receiving adequate food. *See* ECF No. 8 at 33, 35. However, Howard signed his complaint under penalty of perjury and he avers that after fasting during the day, he was given only a sack dinner with two pieces of bologna, bread, an orange, chips, 2 pieces of cheese, and a fruit drink. *Id.* at 7, 23. Additionally, grievance responses suggest Martinez acknowledged Howard was skipping lunch due to fasting and he should essentially accept a reduced calorie diet as a sacrifice for his religious beliefs. *Id.* at 23, 25, 34. Accepting the well-pleaded facts as true, the fifth *Eitel* factor weighs in favor of an entry of default judgment.

---

[2] It is not clear from either the complaint or any evidence that Martinez was responsible for setting a policy on how much food Howard would receive during Ramadan. Indeed, the exhibits to Howard's complaint suggest that individuals other than Martinez may have been responsible for the policy, if there was one. *See* ECF No. 8 at 25 (grievance response stating the Imam had reviewed and approved Ramadan procedures), 32 (grievance response that Polley had given instruction that Howard should not receive "special treatment" while fasting), 33 (grievance response stating that if food is requested, the kitchen provides it).

1    The sixth *Eitel* factor considers whether the defendant's default is due to excusable
2    neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  Howard properly served Martinez with the
3    summons and the complaint but she failed to respond.  The clerk of court entered default on
4    August 15, 2016 and Martinez still has not appeared in this case.  There is no evidence before me
5    that her failure to respond is due to excusable neglect. *United States v. High Country Broad. Co.*,
6    3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the
7    district court to enter default judgment against a corporation that failed to appear in the action).
8    Given the time period during which Martinez had notice of the action yet failed to answer or
9    otherwise respond, it is unlikely that she failed to respond due to excusable neglect.  Thus, the
10   sixth *Eitel* factor weighs in favor of an entry of default judgment.

11   Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the
12   merits.  "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d
13   at 1472.  However, Martinez's failure to respond to the complaint "makes a decision on the merits
14   impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Thus, while this final
15   *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from
16   entering a default judgment.  A decision on the merits is desirable, but Martinez has failed to file
17   a responsive pleading or answer the complaint.  Under these circumstances, default judgment in
18   favor of Howard and against Martinez is warranted.

19   Although entry of default judgment is warranted, "[i]t is well settled that a default
20   judgment for money may not be entered without a hearing unless the amount claimed is a
21   liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161
22   (9th Cir. 1981); *see also* Fed. R. Civ. P. 55(b)(2)(B) (providing that the court "may conduct
23   hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter
24   or effectuate judgment, it needs to . . . determine the amount of damages . . . ."). Howard's
25   request for monetary relief for violations of his constitutional rights is not capable of
26   mathematical calculation.  I therefore will conduct a hearing requiring Howard to prove up his
27   damages.  Additionally, because I have questions about Howard's requested injunctive relief,
28

including whether Martinez is the proper person to enter an injunction against and the scope of that injunction, I will hold a hearing on the appropriate injunctive relief, if any. *See id.* (court may conduct hearing to "investigate any other matter").  Because I am referring this matter to the Pilot Pro Bono Program, I will defer holding the hearing on the appropriate relief to allow time for pro bono counsel to appear if counsel is willing to do so.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that defendant Bonnie Polley's motion to set aside clerk's entry of default **(ECF No. 24) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff Abdul Howard's motion for default judgment **(ECF No. 23) is GRANTED in part and DENIED in part**.  The motion is denied as to his claims against defendant Bonnie Polley.  The motion is granted as to defendant Peggy Martinez.  However, I will defer entering judgment pending a prove up hearing on damages and appropriate injunctive relief, if any.

IT IS FURTHER ORDERED that this case is referred to the Pilot Pro Bono Program ("Program") adopted in General Order 2016-02 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for plaintiff Abdul Howard.  The scope of appointment shall be for all purposes through the conclusion of trial.  By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

IT IS FURTHER ORDERED that the clerk of court shall forward this order to the Pro Bono Liaison.

DATED this 6th day of February, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE