UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ABDUL HOWARD,

    Plaintiff

v.

BONNIE POLLEY, et al.,

    Defendants

Case No.: 2:15-cv-01458-APG-VCF

**Order Granting in Part Defendant's Motion for Summary Judgment**

[ECF No. 107]

    I previously entered summary judgment in favor of defendant Bonnie Polley on plaintiff Abdul Howard's First Amendment free exercise claim because Polley is entitled to qualified immunity. ECF No. 118. I later conducted an evidentiary hearing to determine whether Polley is entitled to qualified immunity on Howard's Fourteenth Amendment equal-protection claim. Based on the evidence presented at that hearing, I now grant summary judgment in favor of Polley on that claim because she is entitled to qualified immunity.

    Howard is an inmate at the Clark County Detention Center (CCDC). He claims Polley violated his right to be free of discrimination in the pursuit of his Muslim faith because at the CCDC only Muslim inmates have to submit a written request to attend group religious services, wait to be screened, and face discipline for failing to attend services. Polley contends that Muslim and Buddhist inmates are treated differently than Christian and Jewish inmates because there are not enough Imams and Muslim inmates to hold Jumu'ah services in multiple housing modules. Because Muslim inmates must be brought together in a centralized location for Jumu'ah services, they must be pre-screened to avoid security problems. Christian inmates have services in each module because there are sufficient volunteer leaders from the Christian denominations to do so.

At the evidentiary hearing, witnesses corroborated Polley's arguments. Office Laird testified that all inmates are screened and classified at the time they are booked. Muslim inmates may sign up for Jumu'ah services and CCDC officials review the inmate's classification to avoid safety problems that may arise from putting potential enemies in the same room for services. Muslim inmates are then allowed to attend services if a spot is available. No further screening is required, and an inmate need sign up only once. After attending one service, the inmate can attend future services without delay or further screening.

Imam Mujahid Ramadan testified that presently eight volunteer Imams provide services at the CCDC, which is a recent two-fold increase over prior years due to his recruiting efforts. Imam Ramadan explained the difficulties recruiting Imams to volunteer at the CCDC. If more Imams were available, services could be had in the modules, as occurs for Christian services. Imam Ramadan testified that having a security officer in the room during Jumu'ah services, or having inmates attend services in belly chains or leg shackles, would be disruptive and disrespectful to the solemnity of the Jumu'ah service and likely would make it more difficult to retain Imams. He also stated that, as a taxpayer, he would not want to pay for guards to stand by and watch services when less expensive avenues (like the present situation) are available and effective.

At the hearing, Howard acknowledged CCDC's security concerns. But he feels those concerns are overstated because inmates know not to disrespect the security guards or other inmates' religions by committing violence during services. He offered no evidence on this other than his personal belief. He did not rebut the testimony of the defendant's witnesses.

"Prisons need not provide identical facilities or personnel to different faiths . . . but must make good faith accommodation of the prisoners' rights in light of practical considerations."[1] Restrictions and limitations on religious practices may be imposed if "necessitated by legitimate penological interests."[2] Polley has demonstrated that practical considerations and penological interests justified treating Muslim inmates differently than inmates of other faiths. There are not enough Imams to hold Jumu'ah services in multiple housing modules, and the current system imposes reasonable and limited restrictions. Polley and the CCDC have made good faith accommodations of Howard's right to practice his faith in light of these considerations. Polley is entitled to qualified immunity on Howard's Fourteenth Amendment equal protection claim.

IT IS THEREFORE ORDERED that Polley's motion for summary judgment **[ECF No. 107] is granted**. Howard's Fourteenth Amendment equal protection claim is dismissed as to Polley. Because that was the sole remaining claim, the clerk of the court shall enter judgment accordingly and close this case.

DATED this 13th day of March, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (quoting *Allen v. Toombs*, 827 F.2d 563, 569 (9th Cir. 1987)) (internal quotation marks and alterations omitted).

[2] *Id.*